John Burton
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 449-8300

William M. Paparian
bpaparian@aol.com
LAW OFFICES OF WILLIAM M. PAPARIAN
272 South Los Robles Avenue
Pasadena, California 91101
Telephone: (626) 795-1750

Attorneys for Plaintiff Jose A. Romero

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ROMERO,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, SERGEANTS SCIDA (#36457) and ANDERSON (#27019), DETECTIVE JUAN AGUILAR (#35782), and OFFICERS L. MOTA (#36236), and ROLANDO REYES (#40499), and DOES 1-10,<br><br>    Defendants. | Case No. 18-CV-2479<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1.   Plaintiff asserts claims under 42 U.S.C. § 1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiff's state-law claims form part of the same case and controversy, and are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

2. Plaintiff's claims arise out of a course of conduct involving police officials of the City of Los Angeles, in the County of Los Angeles, State of California, and within this judicial district. Accordingly, venue is appropriate in this Court.

**PARTIES**

3. Jose A. Romero is an adult qualified to bring suit. He is Latino.

4. Defendant City of Los Angeles is a political subdivision of the State of California. Defendant Los Angeles Police Department (LAPD) is an independent entity subject to suit.

5. Defendants Sergeants Scida (#36457) and Anderson (#27019), Detective Juan Aguilar (#35782), and Officers L. Mota (#36236) and Rolando Reyes (#40499) are employees of the LAPD. Plaintiff is informed and believes, and thereon alleges, that each was involved in some manner with the violations of Plaintiff's rights alleged herein.

6. Does 1 to 10 are Defendant LAPD officers who are unnamed because their identities have yet to be ascertained.

7. Each individually named defendant and each doe defendant acted under color of law and within the scope of his or her agency and employment with the City of Los Angeles and the LAPD.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Plaintiff timely filed the appropriate administrative claim, which has been denied. This lawsuit is timely.

**FACTS**

9. On May 9, 2017, shortly after 7:00 a.m., LAPD officers executed a search warrant on premises located at 1333 Wilson Street, Los Angeles, looking for evidence of illegal marijuana cultivation. The subjects of that search contend that their marijuana growing operations were legal. Indeed, during the search an attorney representing the growers, Alexa Steinberg, Esq., came to the location and explained that the premises were operating legally as a collective under California law.

10. Thirteen individuals were detained, cited and released at the scene of the search for alleged violations of Cal. Health & Safety Code § 11358(c), being present in a place where more than six marijuana plants were being cultivated. The legality of that search and the detention of those individuals is not at issue in this case.

11. Plaintiff was not present when the search began. While the search was in process, however, Plaintiff, while on duty and wearing his security guard uniform and an exposed .40 caliber Glock handgun that was registered to his supervisor, walked to the front door of the location to turn in a set of keys. He was fully aware of the police presence, and in no manner interfered with the search.

12. Defendants Sgt. Scida and Officer Reyes detained Plaintiff for possession of a loaded firearm. Plaintiff explained that he was a licensed security guard and provided his Cal. Department of Consumer Affairs Guard Registration, No. G 1798153, and Permit for Exposed Firearm, No. FQ2618966, which allows him to wear .40 caliber and 9 millimeter handguns while in a security guard uniform pursuant to Cal. Bus. & Prof. Code § 7583.5. Unlike concealed firearms, there is no requirement that such security guards can wear only firearms registered to them.

13. Defendants arrested Plaintiff for violating Cal. Penal Code § 25850, despite the fact that the permits established Plaintiff fell within the Cal. Penal Code § 26030 exception. Accordingly, there was no probable cause for the arrest.

14. Defendant Mota filed a false and misleading report that omitted any mention that (1) Plaintiff was attired as a security guard, (2) Plaintiff produced a valid security guard license, and (3) Plaintiff produced a valid exposed firearm permit. As a result, Plaintiff spent two days in jail on felony firearm charges. Initially his bail was set at $35,000, but after it was lowered to $10,000 he was released after paying $700 for the posting of a bond. Plaintiff retained a lawyer and spent $5,000 for legal fees. The case was dismissed at the preliminary hearing because Plaintiff did not violate any law.

15.     Plaintiff is informed and believes that Defendants were motivated by inappropriate animus directed to Plaintiff because he had been retained to provide security while wearing a firearm for a business with which Defendants had philosophical differences. Defendants believe, contrary to law and core democratic principles that they have some sort of monopoly on firearms and can disarm licensed security guards who represent and protect interests to which they are fundamentally hostile, despite protections afforded by the Second, Fourth and Fourteenth Amendments.

**DAMAGES**

16.     As a direct and proximate result of the aforesaid acts and omissions, and the customs, practices, policies and decisions of the Defendants alleged in this complaint, Plaintiff suffered and will continue to suffer great emotional, mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused, and will continue to cause, Plaintiff to sustain general damages in a sum to be determined at trial.

17.     As a further direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff sustained special damages, including loss of income and bail and legal fees, in a sum to be determined at trial.

18.     The individually named and doe defendants, excluding defendants City of Los Angeles and LAPD, acted outside the scope of their jurisdiction and without authorization of law. The aforementioned acts of those individual and doe defendants, and each of them, was willful, wanton, malicious and oppressive, with reckless disregard of or deliberate indifference to and with the intent to deprive Plaintiff of his constitutional rights, and did in fact violate the aforementioned rights, entitling Plaintiff to exemplary and punitive damages in an amount to be proven at the trial of this matter.

# CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983
**(Second, Fourth and Fourteenth Amendment – Individual Liability)**

19. The individual and doe defendants, while acting under color of law, deprived Plaintiff of his civil rights under the Second, Fourth and Fourteenth Amendments to be free from retaliation for Second-Amendment protected activities, detention and arrest not based on reasonable suspicion or probable cause, unreasonable searches, arrest without probable cause, and the preparation of false reports with fabricated evidence.

20. The above mentioned individually named and Doe defendants, acted under color of law, and both separately and in concert. They formed a team, and each played an integral role in the constitutional violations. Each had the opportunity to intervene and prevent the constitutional violations, and each chose not to do so.

21. The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power that shock the conscience. They are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

22. As a direct and proximate result Plaintiff was damaged and sustained injuries and incurred expenses as alleged above.

23. The aforementioned acts of those defendants were willful, wanton, malicious and oppressive, with reckless disregard or with deliberate indifference and with the intent to deprive Plaintiff of his constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiff to exemplary and punitive damages in an amount to be proven at the trial of this matter.

## SECOND CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983
### (Entity Liability)

24. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants City of Los Angeles and LAPD, and their relevant policy makers acted with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff, including the right to be free from unreasonable searches and seizures, and the right to procedural and substantive due process and equal protection under the Fourteenth Amendment, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs:

    a. Failing to adequately train, supervise, and control LAPD officers in the application of firearm statutes, and in respecting the Second Amendment;

    b. Failing to adequately train, supervise, and control LAPD officers in making arrests based on probable cause;

    c. Failing to set up systems to prevent abuses by officers including the failure to properly track and investigate discriminatory and illegal arrests;

    d. Failing to discipline officers involved in abusing their authority; and

    e. Condoning and encouraging their officers in the belief that they can violate the rights of persons such as the Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

The foregoing are intended to be illustrative and not exhaustive.

25. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff was injured as alleged above.

# THIRD CLAIM FOR RELIEF
# DEPRIVATION OF CIVIL RIGHTS -- CALIFORNIA CIVIL CODE § 52 AND 52.1

26. All defendants are subject to liability under California Civil Code §§ 52 and 52.1 because the individual and doe defendants subjected Plaintiff to violence and threats of violence, and interfered with Plaintiff's constitutional and statutory rights, including his Second-Amendment right to bear arms, his right to be free of unlawful seizure without probable cause under both the federal and state constitutions, and his right to bodily integrity as guaranteed by Cal. Civ. Code § 43, all by way of by way of threats, intimidation or coercion.

27. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned Defendants, Plaintiff was injured in his health and person, and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, as alleged above.

28. As a direct and proximate result Plaintiff was damaged and sustained injuries and expenses, as alleged above.

29. The above mentioned individually named and Doe defendants, acted under color of law, and both separately and in concert. The aforementioned acts of those defendants, and each of them, were willful, wanton, malicious and oppressive, with reckless disregard or with deliberate indifference and with the intent to deprive Plaintiff of his constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiff to exemplary and punitive damages in an amount to be proven at the trial of this matter.

## FOURTH CLAIM FOR RELIEF
## FALSE ARREST AND IMPRISONMENT

30. All defendants are subject to liability for false arrest and imprisonment because they subjected Plaintiff to arrest without probable cause.

31. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff was injured in his health and person, and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, as alleged above.

32. As a direct and proximate result Plaintiff was damaged and sustained injuries and loss of employment and income, as alleged above.

33. The above mentioned individually named and Doe defendants, acted under color of law, and both separately and in concert. The aforementioned acts of those defendants, and each of them, were willful, wanton, malicious and oppressive, with reckless disregard or with deliberate indifference and with the intent to deprive Plaintiff of his constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiff to exemplary and punitive damages in an amount to be proven at the trial of this matter.

## PRAYER

WHEREFORE, Plaintiff requests relief as follows, and according to proof, against each defendant:

1. General and compensatory damages in an amount according to proof;
2. Special damages in an amount according to proof;
3. Exemplary and punitive damages against each individual and Doe defendant, but not against the City of Los Angeles or the LAPD, in an amount according to proof;
4. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988 and Cal. Civ. Code § 52; and

5.   Such other relief as may be warranted or as is just and proper.

Dated:   March 26, 2018          THE LAW OFFICES OF JOHN BURTON
                                 LAW OFFICES OF WILLIAM M. PAPARIAN


                                       /S/ John Burton
                           By:  ─────────────────────────
                                        John Burton
                                   Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

   Plaintiff demands trial by jury.

Dated:   March 26, 2018          THE LAW OFFICES OF JOHN BURTON
                                 LAW OFFICES OF WILLIAM M. PAPARIAN


                                       /S/ John Burton
                           By:  ─────────────────────────
                                        John Burton
                                   Attorneys for Plaintiff